UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY LISE RHEAULT-SCHERER,

                              Plaintiff,
- v -                                                   1:17-CV-1220
                                                                (DJS)

FALCON MUSIC & ART PRODUCTIONS, INC.,

                              Defendant.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

RUTBERG BRESLOW                      LAWRENCE A. BRESLOW, ESQ.
Attorneys for Plaintiff                        CARMINE J. CAROLEI, ESQ.
3344 Route 9N
Poughkeepsie, New York 12601

LAW OFFICES OF MICHAEL          STEVEN H. COHEN, ESQ.
E. PRESSMAN
Attorneys for Defendant
125 Maiden Lane
17th Floor
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

     Defendant raises two new *in limine* motions regarding photographs it seeks to preclude from trial.  First, Defendant objects to the introduction of a photograph of the "Bridge Music" art exhibit taken on the Mid-Hudson Bridge.  Dkt. No. 107 at p. 5. Second, Defendant objects to the introduction of photographs included in Plaintiff's

expert report that show subsequent remedial measures. *Id.* at pp. 6-7. Plaintiff opposes the Motion in part. Dkt. No. 108.

As to photographs showing remedial measures, Plaintiff states that she has no intention of offering the subject photographs into evidence. Dkt. No. 108 at p. 3. Those photographs, therefore, are precluded.[1] The Court reserves ruling on the admissibility of testimony regarding the feasibility of the precise remedial measure depicted in those photographs subject to any objection that may be offered. *See id.* (discussing Plaintiff's intention to elicit such testimony).

With regard to the photograph of the Bridge Music exhibit from the Mid-Hudson Bridge, the Court will reserve decision pending any proffer of the photograph at trial. The Court is inclined to agree that the photograph of the exhibit at a different location, where none of the facts underlying Plaintiff's claim took place, bears little probative value to the question the jury will be asked to decide. Plaintiff, however, intends to argue that the exhibit was never meant for display at a venue such as The Falcon. Dkt. No. 108 at p. 2. It is unclear that the photograph needs to be introduced to make this argument, but the Court will consider arguments on this point at the time of trial. Similarly, the photograph may be relevant if Defendant's own expert offers evidence regarding testing performed while the exhibit was installed on the Mid-Hudson Bridge. *See id.* Accordingly, the Court reserves decision regarding this photograph.[2]

---

[1] The Court notes that numerous exhibits previously submitted by both parties contain photographs displaying post-incident remedial measures.
[2] Plaintiff's objection that Defendant did not object to admission of the photograph during Mr. Bertolozzi's videotaped trial testimony is without merit as raising the objection prior to that testimony being played for the jury is entirely appropriate.

The Court notes in addition that while it had previously deferred ruling on Plaintiff's application to read from the deposition of Anthony Falco, Dkt. No. 96 at p. 2, Mr. Falco's subsequent death means that use of the deposition is appropriate, subject to objections, under FED. R. EVID. 804.

**IT IS SO ORDERED**.

Date:   February 3, 2022
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge